or arguments not to exceed 15 minutes per side. Melissa Salinas, Supervising Attorney. Good morning, your honors. May it please the court. My name is Melissa Salinas. I'm with the University of Michigan Law School. I have the honor today of introducing two law students, Susie Choi and Jen Chun. They're third year law students who will be presenting the appeal under my supervision. Thank you. Good morning, your honor. May it please the court. My name is Susie Choi on behalf of Jason Cox. I would like to reserve five minutes for rebuttal. On behalf of Jason Cox, I would like to address this court on two issues. First, the district court erred in adopting the government's loss amount without resolving the dispute on fees and penalties. Second, the district court was procedurally unreasonable for using an already rejected guidelines range in sentencing Mr. Cox. First, the district court erred in adopting the government's calculation of the loss amount without resolving the issue on fees and penalties. This court should review this under abuse of discretion. At sentencing, Mr. Cox objected to the government's loss amount of $412,000 approximately. Mr. Cox argued for a loss amount that excludes fees and penalties, which would amount to $380,000 approximately. This is a difference in $28,000. Fees and penalties should have been excluded from the loss amount calculations under the guidelines manual section 2B1.1 application note number 3DI. Does this come down to the argument that the restitution amount is necessarily the loss amount? And why do you think that would be so? We argue that the restitution should equal the loss amount because restitution is primarily based on the calculation of the loss amount. But for the purpose of this argument, I would like to address on the procedural aspect of finding the loss amount and thus the restitution amount. So I believe that the district court erred in not actually finding the exact loss amount during the sentencing hearing, which violated Federal Rules of Criminal Procedure, Rule 32, I3B, by failing to respond to Mr. Cox's objections to the loss amount, which includes the dispute on fees and penalties. The district court was required to respond to Mr. Cox's objections to the loss amount, and we believe that such error warrants remanding this case for resentencing. U.S. v. Nelson, this court's published opinion, held that failure to factually find and respond to the objections to the loss amount requires remanding the case for resentencing. We're appealing this lack of adequate process on the issue of loss amount. In addition to failure to resolve the loss amount, the district court created confusion to the defendant and the public by going back and forth between the old and new guidelines and not finding the actual loss amount. When you say the actual loss amount, restitution seems to me is designed to make whole the injured party, and under that definition, the make whole procedure would include all loss, whether it's direct loss or I suppose collateral loss, wouldn't it? And wouldn't that be a broad enough umbrella to include the fees and costs? Yes, Your Honor. It is true that the trial counsel for Mr. Cox agreed on the fact that the restitution could include such fees and penalties, but for the purposes of finding the loss amount, we're arguing that those fees and penalties should have been excluded, and that was not a harmless error for the district court to not take that. I understand your fundamental premise, but I want to hear you tell me more about why it should have been excluded under my broad definition of make whole. So why should it be excluded? I want you to drill down on that just a little bit. Sure. Moderate differences in where Mr. Cox falls in the loss amount range can have a significant impact on sentencing Mr. Cox. We believe that just like guidelines serve an anchor for district court judges to sentence a defendant, we believe that where Mr. Cox falls in the loss amount ranges could actually impact sentencing as well. Therefore, it matters to the court whether Mr. Cox's loss amount fell at the high end of the loss amount range or at the low end range of the loss amount range. Furthermore, with a higher loss amount, district court judge could have viewed Mr. Cox as a more culpable criminal for the crime that he committed. And also, I would like to also mention that the restitution amount could also have been different, but we just don't know because district court judge foreclosed the possibility of finding out because he did not actually find the exact loss amount. With the remaining time, I would like to address the second argument, which is about the procedural unreasonableness. The district court was procedurally unreasonable for relying on the already rejected sentencing guidelines range. We asked this court to review this under plan error. At sentencing, the district court decided that the government's computation of 37 to 46 months is the correct guidelines range. When sentencing Mr. Cox, the district court judge indicated in sentencing transcript page number 297 that the court will vary to an amount slightly above what Ms. Doak, who is a probation officer, originally computed as the sentencing range. And this range, recommended by the probation officer, is 46 to 57 months. And this is a plan error that could have increased Mr. Cox's sentence. Even though the court did mention that one time, I would agree it seems to be an incorrect statement. But then didn't the court go on and make its decision clear by clearly and repeatedly referencing the chosen range? Can't a judge make a misstatement and then correct it in the remaining proceedings so that there is sufficient clarity for the determination to have been made reasonably? Your Honor, you are correct that the sentencing court, the district court judge mentioned the correct range multiple times. But in the end, when sentencing Mr. Cox to the final sentence of 60 months, the district court based that sentencing on the already rejected, the original range founded by the probation officer. And I believe that in sentencing transcript page ID 267, the district court agreed with the already rejected probation officer's computed range. He also stated that, Ms. Doak, I believe your numbers are correct, referring to that already rejected sentencing range. And that could have been a mistake, but we believe that for the purposes of sentencing, finding the actual correct sentencing range, there's a purpose for that. It is a starting point for the district court judges to base their sentence and variance. And that serves a purpose. Did the explanation that he gave not support the 60 months? He did go and he recognized problematic times from Mr. Cox's youth and difficulties in the family. But then he went on to say pretty clearly that this is very, very troubling behavior. And there's no question it is. This is taking advantage of a disabled woman and dissipating her remaining estate. And I think the court touched on that. It touched on calling it the most serious financial offense one can imagine. Did criminal history, addiction, his gainful employment, his abuse as a child. Doesn't that explanation qualify for making the sentence reasonably explained and appropriate? Your Honor, you're right that this defendant committed such wrongs to the vulnerable victim. But we like to focus on the procedural aspect of the sentencing by the district court judge. And even though he could have varied upward using the correct range that he decided as a 37 to 46 months, he cited to the probation officer's range, which is 46 to 57 months. And we believe that was a plain error that warrants remanding this case for resentencing. Because there was a reasonable probability under U.S. v. Story, this court's published opinion that the sentencing could have been different had the district court based its variance upon the correctly found sentencing range. If there are no further questions, I would like to save time for the rebuttal. Thank you. Thank you. Good morning. Kim Robinson on behalf of the United States. I'll start with the loss and restitution discussion. Both the loss and restitution figures were agreed upon ultimately by the parties and the district court. There was a dispute initially before sentencing about what the loss amount should be. The government calculated it at the 412,000 figure. But in the plea agreement, the parties agreed to apply the lower amount for the purposes of the sentencing guidelines. The United States didn't think it would be worthwhile to engage in, to take the time of the court and the parties in disputing whether fees and interest were properly included in the restitution amount. So we agreed upon that in the plea agreement and at sentencing. The guideline based on the below 400,000 amount was applied. Was that coming amendment? I'm sorry? Was that involved in the pending amendments? There was a discussion of the, in 14 days, new amendments to the guidelines would take effect. Those were amendments that took into account interest. So the loss tables were higher. And the district court did discuss that as part of it. So ultimately the loss range, the loss based guidelines range that the defendant wanted was applied and that was clear. And restitution too was undisputed in the district court. At sentencing, Mr. Cox's counsel indicated that the 412 figure was correct. There was no dispute about whether that was the case. It was the one advocated by the government and the one adopted by Mr. Cox. So it appears that there is some academic discussion about what restitution, what explanation for restitution was given by the district court, but that is just an academic discussion in this case. There was no dispute about which range should apply and there was no dispute about what restitution amount should apply. So to the extent that they wanted to challenge that on appeal, they expressly waived that in the district court. And I'll touch briefly on the abuse of trust enhancement since that was discussed in the reply brief. The abuse of trust enhancement is appropriate for two classes of people. People who are in a position of trust and abuse it and people who say they are in a position of trust. It is something applied to people with professional or managerial discretion, which means that they have substantial discretionary judgment that's given a lot of deference. Here, Mr. Cox was an investment advisor at Edward Jones. The trial counsel at sentencing indicated that he had total authority to invest the largest victim's money in a reasonable way. He made choices about the investment vehicles. He determined when trades were appropriate. I certainly had a wide amount of discretionary authority and it's clear that he abused that trust. He lied. He stole her money. He pushed her into a dangerous part of town and essentially left her penniless. And he would not have been in a position to do so if he had not been her investment advisor. The purpose of this enhancement is to punish people who are able to commit their crimes more easily because of their position and it's clear that he was. The PSR discusses how there's very little supervision over him at Edward Jones and it is clear that someone in his position is able to lie more easily because of the trust given to him by the victims. What is the specific distinction between choosing the vulnerable victim and actually abusing the trust for those two enhancements? Your opposing counsel argues that those are effectively the same thing. Why is that not correct? The distinction between the vulnerable victim enhancement and the abuse of trust enhancement is the focus. The focus in the abuse of trust enhancement is on the behavior and speech of the defendant. In the abuse of trust enhancement, the focus is on the characteristics of the victim. Here, the relevant actions of Mr. Cox are what he told her about his position, what he told her was reasonable for him to be doing, what he did with her money, what his position was at Edward Jones. For the position of the vulnerable victim enhancement, we're focusing on her capabilities, her ability to understand or her lack of understanding of what he's doing. Someone in the position of the defendant here could abuse trust even if the victim was someone who was sophisticated. He did here. There were four victims, including the one who was developmentally disabled. He pled guilty to offenses involving all four victims. There's no allegation that the other three had any inability to understand. He completed crimes against all four victims. There's no dispute about that. There's some noise made about the fact that one of the victims notified Edward Jones about something related to the crime. Edward Jones took some action against Mr. Cox. Edward Jones and the other three victims never discovered the crime. At any rate, the crimes were complete before they were discovered in all four cases. He was able to successfully carry it about based on his position of trust. If there are no other questions. I think there are not. Thank you. Thank you. Your Honor's made please the court. My name is Jen Chun and I am here for Mr. Cox. I want to address something that the government said earlier regarding the loss and the restitution and the issue of the waiver to clarify the when it comes to the loss amount. The plea agreement addresses the loss range, but Mr. Cox never conceded to the exact loss amount. He consistently objected the inclusion of fees and penalties that the government included, which yielded the amount of $412,000. But as to the loss amount, he ultimately agreed, didn't he, because he got the under $400,000 category? Your Honor, again, I think you're referring to the loss range and the loss range is important when it comes to producing the offense level. But when it comes to the exact loss amount, that actually has multiple functions, two of them being when it comes to variance and when it comes to the restitution amount. And we actually see, and it is this lack of fact finding that the district court did not do when it came to the dispute regarding what should be included in this exact loss amount that we are contesting, because in order to... You don't concede that the loss amount does not necessarily have to be the restitution amount, wouldn't you? We do acknowledge, Your Honor, that the restitution amount does not have to equal the loss amount. But in this case, and that is actually the reason why it makes the lack of specific fact finding on the part of the district court so egregious, because in order to reach the restitution, the process is linear. The district court has to find an exact loss amount and then reach the restitution amount. So returning to what Judge Donald has raised, we wholly agree with Your Honor that the restitution could be higher than the loss amount in order to make the loss that the victim incurred wholesome. But in order to do so, again, we come to this lack of specific fact finding. Mr. Cox consistently objected that the loss amount should not have included fees and penalties. And the Federal Criminal Procedure, Rule 32, makes it clear that the district court should have done that specific fact finding when there is such dispute or explain why that kind of specific fact finding was not necessary. There was no such crucial step during sentencing, and that is what we are appealing today. Had he done so and had said, but regardless of what the loss amount is, the restitution amount should still include fees and penalties because I believe that that's what will make this victim wholesome, we would not be contesting this issue today, Your Honor. So if you were to prevail, what relief would you want this court to give you? What do you see as your relief? For this reason and the reason that my co-counsel stated regarding varying from an already abandoned sentencing range, we ask this court to remand this case for resentencing. Your Honors, I would like to point out that when it comes to variance, the dispute whether the district court actually used a sentencing range he had already abandoned, I would like to point out that in Story and Batista, the two cases that my co-counsel mentioned and that we also mentioned in our 28-J letter, this court has made it clear that what matters is what was actually said during sentencing. And if you take a look at comprehensively the sentence that the district court says, he says, I will vary from a range that was already abandoned, referring to the probation officer's range. At this point, which was at the stage of variance, there simply was no reason for him to mention this range at all. If he had said, I will vary from 37 to 46 months or from the range the government had proposed, again, I think in that case there would be a stronger argument that the district court was varying from a range that he had chosen. But in this case, so coming back to our ruling, we are contesting the very fact that he decided to reintroduce the sentencing range and thereby creating confusion as to which range he was relying upon. And I think the record makes it pretty clear that he was saying that he's varying from a range that he has already abandoned. If your honors do not have any more questions, I would like to recap by saying for these two major procedural errors, one regarding the lack of adequate process of resolving the dispute surrounding the loss amount, which the Federal Rule of Procedure, the Rule 32, makes it clear that he should have done, and the second error regarding variance from a range that he had previously abandoned, we ask this court to remand this case for resentencing. Thank you, counsel. I compliment both of the law students on a job nicely done. The case will be submitted and the clerk may call the next case.